# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

HEWITT A. GRANT, II,

    Plaintiff,

v.                              Case No.  5:19-cv-45-TKW/MJF

EMMETT POWELL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This section 1983 action is before this court on Defendant Emmett Powell's motion to dismiss, (ECF No. 17), and Plaintiff's response, (ECF No. 19). For the reasons set forth below, the undersigned respectfully recommends that Powell's motion to dismiss be granted.[1]

**I.    Background**

On September 28, 2018, Plaintiff Hewitt A. Grant, II, while confined at Calhoun Correctional Institution, retrieved his legal mail pertaining to his habeas corpus proceeding pending in the Circuit Court of the Fourteenth Judicial Circuit in and for Calhoun County ("Florida Circuit Court"). (ECF No. 1 at p. 28, ECF No. 7

---

[1] This case was referred to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

at p. 8 ¶¶ 2-3).[2] While Grant was returning to his dormitory, Sergeant Emmett Powell—who was a correctional officer at the Calhoun Correctional Institution—stopped Grant and escorted him to an office. (ECF No. 7 at p. 8 ¶ 4). Powell then conducted a strip search of Grant, confiscated Grant's legal mail, and placed Grant in confinement for a purported violation of Florida Department of Corrections ("FDC") rules. (*Id.* at p. 11 ¶ 13). Grant alleges that Powell did not properly store Grant's legal mail as required by FDC policy and never returned the legal mail to Grant. (*Id.* at p. 11 ¶ 13, p. 13 ¶ 19).

Grant states that this legal mail from the Florida Circuit Court was important insofar as it contained information regarding a pending deadline, the case number, important caselaw, and the Florida Circuit Court's mailing address. (*Id.* at p. 9 ¶ 10). On October 9, 2019, Grant filed a request with the Florida Circuit Court seeking a copy of the confiscated order. (ECF No. 7 at p. 13 ¶ 21). On October 22, 2018, Grant's request was docketed by that court. *See Grant v. Jones*, No. 2018-CA-45 (Fla. Cir. Ct. Oct. 22, 2018).

---

[2] The relevant facts are taken from Grant's amended complaint, exhibits attached to his amended complaint, and facts judicially noticed from documents filed in the case *Grant v. Jones*, No. 2018-CA-45 (Fla. Cir. Ct. 2018). The allegations in Grant's amended complaint are assumed to be true for the purpose of adjudicating the motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

At some point prior to November 28, 2018, the Florida Circuit Court sent Grant a copy of the order, which set a deadline for the FDC to respond to Grant's habeas petition. (ECF No. 1 at p. 28; ECF No. 7 at p. 13 ¶ 22). The order also provided Grant an opportunity to file a reply thirty days after the FDC filed its response. (*Id.*). Although Grant does not allege when he received a copy of this order, on November 28, 2018, Grant filed a motion for entry of default because the FDC purportedly failed to comply with that order. *Grant*, No. No. 2018-CA-45 at Doc. 6. The FDC filed a motion to dismiss Grant's habeas petition on December 19, 2018. (*Id.* at Doc. 9). Grant filed a response to the motion to dismiss on January 10, 2019. (*Id.* at Doc. 10).

In his amended complaint, Grant conceded that on January 28, 2019, the Florida Circuit Court dismissed his habeas petition because the issues raised were "outside the purview of the DOC, an executive branch." (ECF No. 7 at p. 6). Specifically, the Florida Circuit Court held:

> [The issues raised by Grant in his state habeas petition] should have been raised in a criminal appeal before the Florida Second District Court of Appeal. They are all outside the purview of the Department, which is an executive branch agency and therefore, pursuant to Florida's constitutional separation of powers, "lacks the power to adjudicate the legality of the sentence or to add or delete sentencing conditions." Pearson v. Moore, 767 So. 2d 1235, 1239 (Fla. 1st DCA 2000), approved and remanded, 789 So. 2d 316 (Fla. 2001) (citing Art. II, § 3, Fla. Const.; Slay v. Singletary, 676 So. 2d 456, 457 (Fla. 1st DCA 1996) ("[The Department] lacks the authority to correct an illegal sentence or render the illegality harmless."); Wilson v. State, 603 So. 2d 93, 94 (Fla. 5th DCA 1992); *Hudson v. State*, 682 So. 2d 657, 658

> n.1 (Fla. 3d DCA 1996)). The Department simply has no constitutional authority to relitigate Petitioner's criminal trial.

(ECF No. 21-1 at 2). In light of this, the Florida Circuit Court dismissed Grant's habeas petition with prejudice.

The Florida Circuit Court decision was affirmed *per curiam* by the First District Court of Appeal without an opinion. (ECF No. 21-2 at 1). Despite the dismissal of his state habeas petition and the affirmance of the dismissal, Grant alleges that Powell's confiscation of his legal mail violated Grant's First, Fifth, and Fourteenth Amendment right to obtain access to the Florida Circuit Court that adjudicated his habeas petition. (ECF No. 7 at 12 ¶ 19).

**II.  Standard**

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted); *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted

unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678, 129 S. Ct. at 1950 (quotation and citation omitted). And "bare assertions" that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681, 129 S. Ct. at 1951 (quotation and citation omitted).

Courts hold a *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers" and accordingly construe it "liberally." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citation omitted). Courts must not, however, "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## III.   Discussion

### A.   Claim of Denial of Access to the Courts

Powell asserts that Grant has failed to sufficiently state a claim for denial of access to the courts because Grant has failed to allege an actual injury.

Prisoners enjoy "a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1997); *Cruz v. Beto*, 405 U.S. 319, 321, 92 S. Ct. 1079, 1081 (1972); *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). The precise source of this right currently is unsettled. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 2186 (2002) (describing "the basis of the constitutional right of access to courts" as "unsettled"). The Eleventh Circuit, however, has stated that this right is "grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher*, 536 U.S. at 415 n.12, 122 S. Ct. at 2186 n.12)); *see Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741, 103 S. Ct. 2161, 2169 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances.").

In order to state a claim for a violation of the right of access to the courts, a prisoner must allege that he suffered an actual injury. *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1271 (11th Cir. 2010) (citing

*Lewis v. Casey*, 518 U.S. 343, 349, 116 S. Ct. 2174, 2179 (1996)); *United States v. Stringer*, 546 F. App'x 896, 897 (11th Cir. 2013) ("[T]he denial of access to legal materials does not violate the Fifth Amendment unless the deprivation impedes the prisoner from pursuing a nonfrivolous claim for relief.").[3] This requirement "derives ultimately from the doctrine of standing," which requires a plaintiff to show that he "suffered, or will imminently suffer, actual harm" as a result of a defendant's conduct. *Lewis*, 518 U.S. at 349, 116 S. Ct. at 2179. The injury requirement also "reflects the fact that the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Cunningham*, 592 F.3d at 1271 (internal quotation marks omitted).

Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* A plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S. Ct. 2963, 2986 (1974)); *see Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (holding that "a prison officials' actions that allegedly violate an inmate's

---

[3] Although Grant alleges a Fifth Amendment violation, the Fifth Amendment is relevant only when federal actors—not a state correctional officer—prevents an inmate's access to the courts. *See Massey v. Wheeler*, 221 F.3d 1030, 1036 n.1 (7th Cir. 2000); *McCall v. Dep't of Human Resources*, 176 F. Supp. 2d 1355, 1363 (S.D. Ga. 2001). His claim under the Fifth Amendment, therefore, also should be dismissed.

right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action"). A "litigant asserting an access claim must also prove that he has a colorable underlying claim for which he seeks relief." *Barbour*, 471 F.3d at 1226. "[T]he plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim." *Id.* at 1226 (citation omitted). "The allegations about the underlying cause of action must be specific enough to give fair notice to defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Cunningham*, 592 F.3d at 1271 (quoting *Christopher*, 536 U.S. at 416, 122 S. Ct. at 2187).

A plaintiff also must allege that his non-frivolous claim was denied or dismissed and that the presentation of his case was impeded *because of the defendant's actions. Wilson*, 163 F.3d at 1290-91; *see also Bass v. Singletary*, 143 F.3d 1442, 1445-46 (11th Cir. 1998). A plaintiff, for example, suffers an actual injury if he shows that he was prevented from meeting a court-imposed deadline. *Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 850 (11th Cir. 2008) (citing *Wilson*, 163 F.3d at 1290 n.10). But if a plaintiff ultimately was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. *Wilson*, 163 F.3d at 1291.

Here, Grant asserts that Powell's confiscation of his legal mail injured him insofar as: (1) he did not have the case number, contact information for the court, relevant case law, or knowledge of the court's deadline; (2) it delayed his prosecution of his habeas claim; and (3) it caused him stress and anxiety. This is insufficient to allege that Powell's conduct resulted in actual harm.

Despite Grant's allegation that he could not remember the Florida Circuit Court's contact information or his case number, Grant filed a request with the Florida Circuit Court one month after the incident. (ECF No. 7 at p. 13 ¶ 21); *Grant*, No. 2018-CA-45 at Doc. 4. Upon receipt of Grant's request for an additional copy of the order that Powell confiscated, the Florida Circuit Court sent Grant a certified copy of the same order. (ECF No. 1 at p. 28; ECF No. 7 at p. 13 ¶ 22).

In addition, Grant has not alleged sufficiently that Powell's confiscation of the Florida Circuit Court's order prevented Grant from litigating his claim in the Florida Circuit Court, nor could he truthfully make such an allegation. Although Grant asserts that the Florida Circuit Court's order imposed a deadline on him, Grant received a copy of this order before that deadline. The order directed the FDC to file a response to Grant's habeas petition on or before November 20, 2018. (ECF No. 1 at p. 28). The order also provided Grant the opportunity to file a reply within thirty days of the FDC's response to his habeas petition. (*Id.*). On November 28, 2018, Grant filed a motion for entry of default and cited the Florida Circuit Court order as

support for his motion. *Grant*, 2018-CA-045 at Doc. 6. Thus, Grant had to have received the certified copy of the Florida Circuit Court order before November 28, 2018.

Additionally, the court record for Powell's state habeas proceeding confirms that he timely filed his response to the FDC's motion to dismiss. In lieu of a response to Grant's habeas petition, the FDC filed a motion to dismiss on December 19, 2018.[4] On January 10, 2019, Grant filed his response to the FDC's motion to dismiss. Thus, Grant filed his response to the motion to dismiss before any deadline imposed by the Florida Circuit Court's order. (ECF No. 1 p. 28). Grant, therefore, has failed to allege that he missed a deadline or was unable to litigate his claim because of Powell's actions. When a litigant can successfully litigate his case, he necessarily cannot demonstrate that a prison guard prevented him from litigating that case. *See Wilson*, 163 F.3d at 1291; *Bass*, 143 F.3d at 1446.

Furthermore, Grant's habeas action was dismissed on substantive grounds, not because of Grant failing to meet a filing deadline imposed by the Florida Circuit Court. *See Grant v. Jones*, No. 2018-CA-45 (Fla. Cir. Ct.), *aff'd Grant v. Florida*, 279 So. 3d 648 (1st DCA 2019) (per curiam). Indeed, Grant conceded in his amended

---

[4] Grant also makes a conclusory allegation that Powell delayed his presentation of his habeas case by confiscating the legal mail. The state court record, however, does not support this assertion. A short delay in Grant's habeas case was the result of the FDC seeking additional time to respond to Grant's habeas petition, which the Florida Circuit Court granted on December 3, 2018. *Grant*, 2018-CA-45 at Docs. 5, 7.

complaint that his state habeas petition was dismissed because the Florida Circuit Court held that the issues Grant raised were "outside the purview of the Department of Corrections." (ECF No. 7 at p. 6; ECF No. 21-1). Grant, therefore, conceded that his state habeas action failed because of its lack of merit, and not because Powell confiscated Grant's legal mail. Because Grant has failed to allege an actual injury as a result of Powell's conduct—and the record indicates that Grant suffered no such injury—Grant has failed to state a claim for a denial of access to the courts.[5] *Lewis*, 518 U.S. at 349, 116 S. Ct. at 2179.

### B. <u>Claim of Denial of Procedural Due Process</u>

Grant also has failed to state a claim under the Due Process Clause of the Fourteenth Amendment insofar as the State of Florida provides an adequate process for Grant to assert a claim of deprivation of his property. The Due Process Clause of the Fourteenth Amendment protects against deprivations of property "without due process of law." U.S. Const. amend. XIV, § 1. To state a claim for a violation of procedural due process, a prisoner must allege: (1) a deprivation of a

---

[5] Ordinarily, a plaintiff may amend his complaint once as a matter of course, but the court need not allow amendment if it would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Grant already amended his complaint once. Furthermore, in light of Grant's concessions and the information contained in the Florida court records, Grant's filing of a second amended complaint would be futile. Grant cannot allege any facts that would support his claim that he suffered an actual injury as a result of Powell's actions.

constitutionally-protected property interest; (2) state action; and (3) constitutionally-inadequate process. *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994); *see Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011)*; Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

With respect to the third element, when a state official was not acting pursuant to any established state procedure, but rather was engaging in a "random, unauthorized" act, the State is in no position to provide pre-deprivation process, and post-deprivation process is all that is due. *See Hudson v. Palmer*, 468 U.S. 513, 533, 104 S. Ct. 3194, 3204 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S. Ct. 1908, 1917 (1984). Florida law provides for an adequate post-deprivation remedy for theft of inmate property by prison guards insofar as an inmate may file a tort action in state court to recover damages for destruction of property. *See* Fla. Stat. § 768.28(1) (waiving sovereign immunity for tort actions brought against the State or its agencies for, among other things, "loss of property" caused by the "wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment"); *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) ("We have recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers.") (quoting *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)).

The existence of a private cause of action under Florida law provides Grant with a meaningful post-deprivation remedy to challenge the loss of property caused by a state actor. *Case*, 555 F.3d at 1331; *see Loor v. Bailey*, 708 F. App'x 992, 994-95 (11th Cir. 2017) (affirming the dismissal of the plaintiff-prisoner's due process claim for failure to state a claim because he "had a post-deprivation remedy to challenge the loss of property under Florida law"). Therefore, Grant has failed to state a claim under the Fourteenth Amendment for Powell's confiscation of his property (*i.e.*, the Florida Circuit Court's order). *See Smith v. Israel*, 619 F. App'x 839, 842 (11th Cir. 2015) (holding that plaintiff's "claim that Deputy Lara deprived him of procedural due process"—by confiscating his legal documents—fails because "he had available an adequate post-deprivation remedy"); *Jackson v. Hill*, 569 F. App'x. 697, 698 (11th Cir. 2014) (holding that the plaintiff failed to state a claim for deprivation "of due process when he has available an adequate post deprivation remedy under state law").

### C. State Law Claim for Negligence

Finally, as to Grant's claim for negligence under Florida law, Powell argues that this court should elect not to exercise supplemental jurisdiction over this claim.

"The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119

(11th Cir. 1999)). The Eleventh Circuit, however, has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 n.13 (11th Cir. 2013) (quoting *Raney*, 370 F.3d at 1089).

To the extent Grant has stated a claim for negligence under Florida law, the undersigned recommends that this court decline to exercise supplement jurisdiction over this claim. 28 U.S.C. § 1367(c)(3). Assuming for purposes of the motion to dismiss that this claim has merit, dismissal of this claim without prejudice would allow Grant to pursue it in a Florida court.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendant's Motion to Dismiss (ECF No. 17) be **GRANTED**.

2. Plaintiff's claims under the First, Fifth, and Fourteenth Amendments to the United States Constitution be **DISMISSED** with prejudice.

3. Grant's state law claim be **DISMISSED** without prejudice.

4. The clerk of the court be directed to close the case file and terminate all pending motions.

At Panama City, Florida this <u>17th</u> day of December, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.